## Mary Helen Coal Corporation v. Miller.

April 16, 1946.

James Sampson for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

The appellee, Ed Miller, a coal miner, was injured in an accident which arose out of and in the course of his employment. Prior to the accident, which occurred October 17, 1941, appellee operated a coal cutting machine, and his earnings averaged about $13 a day and during the year 1940 amounted to $2,300. The employer's report of the accident, dated October 27, 1941, was filed with the Workmen's Compensation Board on November 10, 1941,

and the attending physician's final report, dated November 11, 1941, was filed with the Board on December 5, 1941. It was stated in this report that the disability resulting from the injury terminated on October 29, 1941, and that the employee returned to work on that day. A receipt for $8.56 in final settlement and satisfaction of all claims for compensation on account of injuries suffered on October 17, 1941, signed by Miller, was filed with the Workmen's Compensation Board on January 5, 1942, along with the standard form for agreement as to compensation signed by both the employer and employee. This agreement provided that Miller should receive compensation at the rate of $15 a week for a period of 4/7 of a week. On September 28, 1942, Miller filed an application for adjustment of claim in which he stated that he was injured on October 17, 1941, and had suffered partial permanent disability. Later he moved to reopen the case. His motion was supported by his own affidavit and the affidavit of Dr. Carl E. Ausmus. The case was reopened and proof was heard. The referee found that the claimant had suffered temporary total disability for a period of 21 weeks, but had suffered no permanent disability, and he made an award of $15 a week for 21 weeks less $8.56, which had been paid by the employer. On review by the full Board, the award of the referee was set aside and an award for temporary partial disability was made. The award was made under KRS 342.100, the pertinent part of which reads:

"In case of an injury resulting in temporary partial disability, the employe shall receive during such disability, except the first seven days thereof, a weekly compensation equal to 65 percent of the difference between his average weekly earnings before the injury and the average weekly earnings that he earns, or is able to earn, in some suitable employment after the injury and during such disability, not to exceed 333 weeks from the date of injury, nor exceeding the sum of $15 per week nor the maximum sum of $4,000."

The Board found that Miller suffered temporary total disability for a period of 20 weeks, followed by partial disability of 50 per cent. to the body as a whole, and awarded compensation at the rate of $15 a week for 20 weeks from October 17, 1941, and at the rate of $14.14 a week from March 13, 1942, for the period of his partial disability, but not exceeding 313 weeks. The Board ar-

rived at this rate of compensation by taking 65 per cent. of $21.75, the difference between his average weekly earnings before the injury and his average weekly earnings after the injury, which it found to be $56.25 and $34.50, respectively. The circuit court affirmed the award of the Board, and the employer has appealed.

Appellant argues that (1) The Board's award is fatally defective because it made no finding of fact as to the extent which a prior injury, for which appellee had been compensated, contributes to his present disability; and (2) the award is not supported by any competent evidence.

Appellee had suffered a back injury on March 15, 1935. At the time of the first injury he was employed by appellant. Records of the Workmen's Compensation Board were introduced which showed that after the first injury appellant and appellee agreed as to the rate of compensation, which was fixed in the agreement at $15 a week for 16¾ weeks, beginning March 22, 1935, and $3 a week for 317 4/7 weeks. On March 13, 1936, appellee filed with the board an application for an order directing a lump sum payment. The agreement for a lump sum settlement was approved by the board, and appellant paid to appellee the commuted payments. KRS 342.120 provides that if a previously injured employee sustains a subsequent injury which results in a condition to which both injuries, or their effects, contribute, the employer in whose employment the subsequent injury is sustained shall be liable only for the compensation to which such resulting condition entitled the employee, less all compensation which the provisions of the Compensation Act would have afforded on account of the prior injury had it been compensated for thereunder. The exact nature and extent of the first injury does not appear, but there is ample proof in the present record that appellee had fully recovered from its effects, and that it contributes in no degree to his present condition. The board properly refused to consider the first injury in making its award. Appellee's second injury resulted when a piece of slate fell striking him on the back. He was given a physical and X-ray examination by Dr. W. R. Sparks on the day of the accident and again on April 14, 1942. Dr. W. E. Riley examined appellee in October, 1942, and also examined the X-ray films made by Dr. Park. Dr. Clark Bailey made a physical and X-ray examination of appel-

lee on March 18, 1943. All of these physicians testified that they found no evidence of any injury to the lower spine, the region in which appellee complained of pain. Each stated that in his opinion the appellee was suffering from no disability resulting from traumatic injury at the time the proof was taken. Dr. Carl E. Ausmus, a witness for the appellee, testified that he made a physical and X-ray examination of appellee in October, 1942, and that the X-ray examination revealed that appellee had sustained compression fractures of the fourth and fifth lumbar vertebrae. There was also evidence of an old fracture of the eighth dorsal vertebra. He testified that appellee was able to work, but that in his opinion he had sustained a partial permanent disability of 50 per cent. to the body as a whole. After stating that appellee is 50 per cent. disabled, he was asked this question and made this answer:

"Q. In your opinion, Doctor, will that 50% disability be temporary or permanent? A. I believe it will be permanent, and grow greater with his advancing years."

The medical testimony for appellant was to the effect that appellee had fully recovered from any injury he had received while that for appellee was to the effect that he had sustained a partial permanent disability of 50 per cent. There was no proof as to a temporary partial disability existing at the time of the hearing, and consequently, no evidence to support the board's finding. Under the evidence the board was limited to a finding of partial permanent disability under KRS 342.110 or to a finding that appellee's disability had ceased.

Judgment is reversed, with directions to remand the case to the board for proceedings consistent herewith.